IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:21-cv-973

| | |
|---|---|
| WINSTON RAMKISSOON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CVS HEALTH CORPORATION, CVS )<br>PHARMACY, INC., and CCRX OF NORTH )<br>CAROLINA, LLC )<br>)<br>Defendants. ) | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Winston Ramkissoon ("Plaintiff"), complaining of Defendants CVS Health Corporation and CCRX of North Carolina, LLC ("Defendants"), alleges and says the following:

## JURISDICTION

1. Mr. Ramkissoon's claims for discrimination on the basis of race, color, and national origin arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

3. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

4. This Honorable Court has personal jurisdiction over Defendants because Defendants conduct business in the State of North Carolina.

5. Costs and attorney's fees may be awarded pursuant to Title VII, 42 U.S.C. § 2000e-5(k); and Fed. R. Civ. P. 54.

1

6. Venue is proper pursuant to 28 U.S.C. § 1931 as to Defendants because Defendants conduct business in this judicial district and this district is where a substantial part of the events giving rise to the claims occurred.

**PARTIES**

7. Mr. Ramkissoon is an Indian American citizen of the United States and a resident of Durham, North Carolina.

8. At all times relevant to this Complaint, Mr. Ramkissoon was an "employee" as that term is defined by Title VII.

9. Defendant CVS Health Corporation is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island.

10. Defendant CVS Health Corporation regularly and systematically conducts business in the State of North Carolina.

11. Defendant CVS Health Corporation employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

12. At all times relevant to this Complaint, Defendant CVS Health Corporation was an "employer" as the term is defined in Title VII.

13. Defendant CVS Pharmacy, Inc. is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island.

14. Defendant CVS Pharmacy, Inc. regularly and systematically conducts business in the State of North Carolina.

15. Defendant CVS Pharmacy, Inc. employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

16. At all times relevant to this Complaint, Defendant CVS Pharmacy, Inc. was an "employer" as the term is defined in Title VII.

17. Defendant CCRX of North Carolina, LLC is a Delaware limited liability company with its principal place of business in Woonsocket, Rhode Island.

18. Defendant CCRX of North Carolina, LLC regularly and systematically conducts business in the State of North Carolina.

19. Defendant CCRX of North Carolina, LLC employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

20. At all times relevant to this Complaint, Defendant CCRX of North Carolina, LLC was an "employer" as the term is defined in Title VII.

## ADMINISTRATIVE HISTORY

21. Mr. Ramkissoon has exhausted all administrative remedies available to him.

22. On March 29, 2021, Mr. Ramkissoon filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

23. The EEOC issued a "Dismissal and Notice of Rights" on September 27, 2021. A copy of the September 27, 2021 Dismissal and Notice of Rights letter is attached hereto as Exhibit A.

24. This Complaint is being timely filed within 90 days from the date Mr. Ramkissoon received the Dismissal and Notice of Rights from the EEOC.

## FACTS

25. On or about January 1, 2006, Mr. Ramkissoon began working as a Back-End Manager. He became an employee of Defendants at sometime in 2012, when Defendants acquired Mr. Ramkissoon's previous employer.

26. For all times relevant to this Complaint, Mr. Ramkissoon was supervised by General Manager Amy Orozco and Pharmacist Kristy Simpson.

27. Upon Orozco's assumption to the role as General Manager in 2015, she began discriminating against Mr. Ramkissoon based upon his race, color, and/or national origin.

28. In particular, Orozco would assign Mr. Ramkissoon tasks well beyond his original job description and leading him to engage in extensive manual labor for hours beyond his regularly scheduled work.

29. For example, Mr. Ramkissoon, a salaried employee of Defendants, was forced to work 14 to 15 hours per day by Orozco. Most of those hours were spent doing manual labor like carrying and scanning products between shelving.

30. Orozco and Simpson kept Mr. Ramkissoon in this state with the constant threat of the termination of his employment.

31. Orozco repeatedly told Mr. Ramkissoon that she didn't care about his complaints because he could be "replaced."

32. Moreover, Mr. Ramkissoon's managers confronted him on a daily basis, subjecting him to humiliation, profanity, and unprofessional language.

33. The verbal abuse was so bad towards Mr. Ramkissoon that his co-workers would know when Mr. Ramkissoon had arrived at work because they could hear Orozco yelling at him from across the facility.

34. Unfortunately, Mr. Ramkissoon's body could not manage the overwhelming stress placed on it by Defendants. He started to experience significant pain in his right knee, right shoulder, lower back, and both of his feet.

35. These symptoms were caused by injuries Mr. Ramkissoon suffered as a result of Defendants' discriminatory conduct towards him.

36. Mr. Ramkissoon ultimately required multiple surgeries to repair the injuries.

37. Mr. Ramkissoon has been out of work since October 8, 2020 as a result of the injuries.

38. Defendants' treatment of Mr. Ramkissoon was different from their treatment of the other managers (white) in his facility.

39. The other white facility managers were not required to work excessive hours nor were they were required to engage in physical labor beyond their job description.

40. Defendants' discriminatory intent was further shown by Orozco and Simpson's statements.

41. On one occasion, Simpson told Mr. Ramkissoon that "you have to be a fucking Indian to be promoted in this company." That statement was witnessed by Mr. Ramkissoon and his co-worker, Ed Tate.

42. On another occasion, Simpson and Orozco directed Mr. Ramkissoon to remove one of his Indian-American staff members from her current position in favor of a white applicant who had no relevant experience for the role.

43. Defendants terminated Mr. Ramkissoon's employment on April 2, 2021 because he could not return to work because of the injuries he suffered as a result of their discriminatory conduct.

## COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII

44. Mr. Ramkissoon hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. Mr. Ramkissoon was discriminated against on the basis of his race, color, and/or national origin.

46. Mr. Ramkissoon met Defendants' legitimate work expectations.

5

47. Similarly situated employees were treated more favorably in the terms, privileges, and conditions of their employment with Defendants.

48. Defendants' stated reasons for the more favorable treatment of non-Indian employees were pre-textual.

49. As a direct and proximate result of Defendants' discriminatory conduct, Mr. Ramkissoon suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

50. Defendants' actions were intentional, willful, and done in reckless disregard of Mr. Ramkissoon's rights as protected by Title VII.

51. Accordingly, Mr. Ramkissoon is entitled to recover punitive damages from Defendant.

52. Mr. Ramkissoon is entitled to recover his reasonable attorneys' fees and costs.

## **COUNT II – HOSTILE WORK ENVIRONMENT**

53. Mr. Ramkissoon hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

54. Defendants had an affirmative duty to maintain a workplace that was free of harassment based on Mr. Ramkissoon's race, color, and/or national origin.

55. As alleged above, Defendants' discriminatory conduct towards Mr. Ramkissoon altered the terms of his employment with Defendants and, accordingly, constituted a hostile work environment for Plaintiff.

56. As a direct and proximate result of the hostile work environment created, nurtured, and permitted by Defendants, Mr. Ramkissoon suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

57. Defendants' actions were intentional, willful, and done in reckless disregard of Mr. Ramkissoon's rights as protected by Title VII.

58. Accordingly, Mr. Ramkissoon is entitled to recover punitive damages from Defendants.

59. Mr. Ramkissoon is entitled to recover his reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. Payment for all economic damages in an amount to be proved at trial;

2. Payment for all non-economic damages, including emotional harm, in an amount to be proved at trial;

3. Payment for punitive damages in an amount to be determined by the jury;

4. Payment of reasonable attorneys' fees and costs;

5. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

6. All other relief which this Honorable Court deems just and proper.

This the 22nd day of December, 2021.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: /s/ Joseph D. Budd
JOSEPH D. BUDD
N.C. Bar No. 44263
721 W. Morgan St.
Raleigh, North Carolina 27603
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733